No. 39,411

The State of Kansas, *Appellee,* v. Clyde E. Hazen, *Appellant.*

(272 P. 2d 1117)

Opinion filed July 6, 1954.

*Ray McCombs,* of Ness City, argued the cause and was on the briefs for the appellant.

*Basil C. Marhofer,* County Attorney, argued the cause, and *Harold R. Fatzer,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal by a defendant who was convicted of driving a vehicle within this state while under the influence of intoxicating liquor, prohibited by G. S. 1949, 8-530.

At about nine o'clock, on the night of May 29, 1953, while patrolling Kansas Highway No. 4, about a mile east of Ransom, law enforcement officers came upon a car parked upon the highway, headed east, in the center of the east-bound traffic lane. It was dark and the car's lights were out. The engine was not running. Defendant was sitting in a slumped position in the driver's seat, and was in a dazed condition. A carton of beer, with one can removed, was in the car. There was an open can of beer, partially full, in the front seat. Some of it had been spilled. Very shortly thereafter other officers appeared at the scene. All of them testified that defendant was intoxicated. Efforts were made to move the car to the side of the road so as to lessen the traffic hazard, and there was evidence to the effect that at the time these efforts were being made defendant himself started the engine and backed the car a few feet. He was arrested, taken to jail, and one of the officers drove the car in to town.

The only evidence introduced by defendant consisted of the testimony of a witness who was at the scene with respect to who did or did not move defendant's car off of the highway. There is no contention that defendant was not intoxicated when found by the officers.

The jury found defendant guilty as charged, his motion for a new trial was overruled, and he was sentenced to pay a fine of $300 and costs.

Two of defendant's specifications of error relate to alleged erroneous instructions and to alleged error in the admissibility of evidence.

The instructions given by the court are not abstracted, and therefore this assignment of error must be disregarded. With respect to alleged erroneous rulings as to the admissibility of evidence, the claim is simply not sustained by the very sketchy and meager record before us. Such portions of the evidence as are abstracted fail to disclose any error with respect to this matter.

It is contended the court erred in overruling defendant's demurrer to the state's evidence, and his motion for discharge.

Here, again, we are handicapped on account of a very limited abstract of proceedings in the trial court. It is not clear whether defendant's contention as to the insufficiency of evidence relates to the question of his driving the car a few feet after the officers arrived at the scene, or to the fact there was no direct evidence that he, while in an intoxicated condition, drove the car to the spot on the highway where it was found.

However, be that as it may, error is never presumed and must be established, and in this connection the presumption is that the jury was properly instructed with reference to proof of the offense charged by circumstantial evidence. For all the record shows, the jury reached the obvious conclusion that defendant drove the vehicle to the place where it was found, and that at the time was under the influence of intoxicating liquor, on the theory that a sober person would not park his car in the middle of the highway, with the lights off, after dark. Entirely aside from the confusing evidence as to whether defendant "drove" his car after the officers arrived at the scene, the circumstantial evidence above related was sufficient to withstand the demurrer and to support the verdict of guilty.

And, finally, it is argued that defendant is entitled to a new trial because of an incident occurring prior to the return of the jury's verdict.

It appears that after the jury retired to deliberate, counsel for defendant asked the court to excuse the defendant so that the latter could leave and go to his home. This request was granted. Later, and while the jury was still out, defendant's counsel and the county

attorney requested permission to leave. These requests were likewise granted. Still later, the jury asked that a portion of the testimony of one of the state's witnesses be read to it. The court attempted to get in touch with defendant and both attorneys, but was unable to locate any of them, following which it permitted the court reporter to read the requested testimony to the jury. It then appears that about one and one-half hours later the jury returned its verdict.

Defendant contends that such procedure amounts to reversible error, and in this connection states that at the time of the incident certain colloquy was had between the court and jury which was objectionable and prejudicial. However, such colloquy, if any, is not included in the record, and defendant's bald statements with respect to such matter must be disregarded. As heretofore stated, error is never presumed—it must affirmatively be made to appear.

And, under all of the facts and circumstances shown, defendant, who was on trial for a misdemeanor, and who was absent at the time upon his own request and that of his attorney, may not now be heard to complain of what transpired in his absence in the way of the reading to the jury of the testimony requested. In this connection, see *State v. Fry,* 131 Kan. 277, 291 Pac. 782, and *State v. Maxwell,* 151 Kan. 951, 957, 958, 959, 102 P. 2d 109, 128 A. L. R. 1315. The situation here presented is entirely different from that found in *State v. Hinkle,* 176 Kan. 152, 269 P. 2d 465.

An examination of the limited record before us discloses nothing approaching reversible error, and the judgment is therefore affirmed.