No. 40,715

STATE OF KANSAS, *Appellee,* v. EDWIN DILL, SR., *Appellant.*

(319 P. 2d 172)

Opinion filed December 7, 1957.

*Donald C. Vosburgh,* of Fredonia, argued the cause and was on the briefs for the appellant.

*Harry L. Depew,* County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant (appellant), Edwin Dill, Sr., was charged, tried and convicted of driving a vehicle while under the influence of intoxicating liquor, contrary to the provisions of G. S. 1949, 8-530, and of illegal transportation of an open bottle of intoxicating liquor, contrary to the provisions of G. S. 1949, 41-804. At the conclusion of the state's evidence, defendant moved for a directed verdict of not guilty and for his discharge on the ground that the evidence produced did not prove either charge. His sole contention on appeal is that the trial court erred in overruling this motion. Defendant elected to stand on the court's ruling and offered no evidence. The case was submitted to the jury on instructions to which there was no complaint. The defendant was found guilty on both counts.

We will examine the record to determine whether there is an entire absence of substantial evidence proving or tending to prove the essential elements of the crimes charged. If from all of the facts and circumstances disclosed by the evidence the jury might have reasonably drawn an inference of guilt, defendant's motion for discharge was then properly overruled and the verdict of guilty will not be disturbed. (*State v. Long,* 148 Kan. 47, 79 P. 2d 837; *State v. McCoy,* 160 Kan. 150, 160 P. 2d 238; *State v. Osburn,* 171 Kan. 330, 232 P. 2d 451; *State v. Haught,* 180 Kan. 96, 100, 299 P. 2d 573.) In *State v. Goetz,* 171 Kan. 703, 704, 237 P. 2d 246, we stated that if the evidence tended to disclose that the offense charged was committed and the defendant committed it, the question was for the jury to decide, even though the evidence was weak.

It must also be kept in mind that in criminal prosecutions any of the essential elements of the crime charged may be proved by circumstantial evidence. (*State v. Rhoten,* 174 Kan. 394, 398, 257 P. 2d 141; *State v. Ragland,* 170 Kan. 346, 349, 226 P. 2d 251; *State v. Hupp,* 154 Kan. 410, 118 P. 2d 579.)

Moreover, the established rule in a circumstantial case is that it is the function of this court, as well as of the trial court, to find whether there is a basis in the evidence for a reasonable inference of guilt. (*State v. Mitchell,* 181 Kan. 193, 196, 310 P. 2d 1063, and cases therein cited.)

A brief résumé of the state's evidence follows. Mr. Snavley, a farmer living east of Neodesha, observed an automobile parked on Highway K-37 and reported it to the Neodesha police, who in turn, notified the sheriff of the county. The police and the undersheriff arrived at the scene shortly thereafter. Snavley testified that the car had been stopped in the middle of the highway, with the front end extending over the center line, headed in a southwesterly direction. Car tracks disclosed that the car had gone off the slab and then back onto the highway and had stopped at an angle just past the center line. He further testified that defendant was sitting in the car with a partially empty bottle of whiskey between his legs and he considered him to be intoxicated.

Police officer Fenner testified that he found the vehicle sitting in the middle of the road and headed in a southwesterly direction. The switch was on and the car was in high gear. Defendant was in a state of physical disorder, intoxicated and slumped over the steering wheel with an open bottle of whiskey, half empty, between

his legs. The bottle cap was lying on the right side of the seat. The officer capped the bottle and later turned it over to the under-sheriff. He pulled defendant from under the steering wheel and practically carried him to the police car, placing him therein, where defendant "flopped over."

The undersheriff testified that on arriving at the scene he found defendant in an intoxicated condition in the back seat of the police car. He observed defendant's car in the center of the highway and, without difficulty, moved it off the road. He also testified that defendant told him on the way to the county jail he had been driv-ing the car and had been in Parsons and was returning to his home in Neodesha.

A somewhat similar situation arose in *State v. Hazen,* 176 Kan. 594, 272 P. 2d 1117, and we said, "For all the record shows, the jury reached the obvious conclusion that defendant drove the vehicle to the place where it was found, and that at the time was under the influence of intoxicating liquor, on the theory that a sober person would not park his car in the middle of the high-way . . ." We held that the circumstantial evidence was suf-ficient to withstand defendant's motion for a directed verdict and to support the verdict of guilty.

Furthermore, the fact that defendant was found in an intoxicated condition, slumped over the steering wheel of his car with an open, half-empty bottle of whiskey between his legs, the cork thereof lying on the seat beside him, constituted sufficient circumstantial evidence to warrant the trial court's overruling defendant's motion and submitting to the jury the question of whether defendant was guilty of transporting a bottle of intoxicating liquor on which the seal had been broken. (G. S. 1949, 41-804.) When the direct and circumstantial evidence adduced by the state in the instant case is considered, we have no difficulty in holding that there was ample basis for a reasonable inference of guilt on the part of defendant on both counts of the information, and the trial court did not err in overruling defendant's motion for a directed verdict of not guilty. The judgment is affirmed.

It is so ordered.