No. 54,887

STATE OF KANSAS, *Appellant*, v. WAYNE WARD, *Appellee.*

(660 P.2d 957)

Opinion filed
March 26, 1983.

*John McNish,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Allen Angst,* of Bengtson, Waters & Thompson, Chartered, of Junction City, argued the cause, and *Roger D. Thompson,* of the same firm, was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal by the prosecution from the district court's dismissal of the driving under the influence of intoxicating liquor (K.S.A. 8-1567) charge against defendant Wayne Ward.

The facts may be summarized as follows: On January 27, 1982, a state trooper was advised by a motorist of an automobile stuck in a ditch beside old Highway 40 in Dickinson County. The trooper proceeded to the described location and observed the referred-to vehicle. The automobile's engine was running and the lights were on. Defendant was behind the steering wheel in what appeared to the trooper to be a highly intoxicated condition. A single empty beer can was in the vehicle and no other containers for alcoholic beverages were in or near the vehicle. There were no passengers in the vehicle or other vehicles in the vicinity. Further, there were no businesses purveying alcoholic beverages in the area. The rural location was 15 miles from defendant's home.

The trooper was soon joined by two fellow troopers who formed like impressions of defendant's intoxicated condition. In

investigating the scene the officers noted fresh spin marks in the mud by the vehicle's rear tires. These tire tracks were visible in the mud and could be followed from the ditch up to and across a private residential yard and then to a gravel road. This road connected to old Highway 40, but the vehicle's path could not be followed on the hard surface. The road was described as being "L" shaped. Apparently the short side of the "L" intersects old Highway 40 with the long side running parallel to said highway. The road ends at the residential yard. The vehicle was mired in the ditch between the yard and the highway.

Defendant was charged with driving under the influence of intoxicating liquor (K.S.A. 8-1567) and was convicted thereof in a trial before a district magistrate judge. Defendant appealed his conviction to the district court. Prior to trial the court granted defendant's motion *in limine* and directed the State could not introduce any evidence of "the level of intoxication, the physical condition, or the appearance of the defendant Wayne Ward at the time of his arrest." The motion *in limine* was granted on July 30, 1982. Jury trial was already scheduled for August 4, 1982. On August 3, 1982, the trial court sustained defendant's Motion for Directed Verdict and dismissed the case. Obviously this was a misnomer as a verdict may not be directed in contemplation of a future jury trial. In actuality, the trial court was simply dismissing the complaint based on its conclusion the State could not prevail with virtually all of its evidence excluded. The dismissal is appealable pursuant to K.S.A. 22-3602(b)(1).

The State has duly perfected this appeal which encompasses the propriety of the *in limine* ruling ultimately resulting in the dismissal of the case. The parties agree that jeopardy had not attached at the time of the dismissal and that double jeopardy is not an issue herein.

The State contends the trial court abused its discretion in holding all evidence pertaining to defendant's intoxication at the time of arrest was inadmissible. We agree.

This court has consistently held a conviction of even the gravest offense may be sustained by circumstantial evidence. *State v. Morton,* 230 Kan. 525, 530, 638 P.2d 928 (1982); *State v. Henderson,* 226 Kan. 726, 731, 603 P.2d 613 (1979); *State v. White & Stewart,* 225 Kan. 87, 99, 587 P.2d 1259 (1978); *State v. Johnson,* 223 Kan. 185, 187, 573 P.2d 595 (1977).

Specifically, this court has held a driving under the influence of intoxicating liquor conviction may be sustained although based solely on circumstantial evidence. *State v. Fish,* 228 Kan. 204, 612 P.2d 180 (1980); *State v. Dill,* 182 Kan. 174, 319 P.2d 172 (1957); and *State v. Hazen,* 176 Kan. 594, 272 P.2d 1117 (1954).

In *State v. Dill,* 182 Kan. 174, an issue was raised as to whether the trial court erred in refusing to discharge the defendant. The applicable general rule was stated as follows:

"[T]he established rule in a circumstantial case is that it is the function of this court, as well as of the trial court, to find whether there is a basis in the evidence for a reasonable inference of guilt. (*State v. Mitchell,* 181 Kan. 193, 196, 310 P.2d 1063 [(1957), 68 A.L.R.2d 895], and cases therein cited.)" p. 175.

The State had no evidence as to the time defendant's vehicle drove into the ditch. For reasons not readily apparent in the record, the trial court concluded this was a fatal defect in the State's case which rendered all evidence of defendant's intoxication observed by the troopers inadmissible. The defendant admits that a claim of remoteness between the condition of the defendant at the time of the interview with the state troopers and the time of the accident goes to the weight of the evidence presented and not to its admissibility. This is in accord with *State v. Parson,* 226 Kan. 491, 601 P.2d 680 (1979). It should be noted that the defendant was still behind the steering wheel of the running vehicle when observed by the troopers. This is not a situation where all operation of the vehicle had ceased and defendant had left the scene as in *State v. Betts,* 214 Kan. 271, 519 P.2d 655 (1974).

The defendant's automobile, in which he was the sole occupant, had obviously travelled down a gravel road, across a private residential yard, and then became mired in a muddy ditch while apparently seeking entry onto the highway. One inference might be that, piqued by this distressing turn of events, the previously sober defendant then proceeded to become highly intoxicated by quaffing the single available can of beer. A perhaps more likely inference might be that defendant was already under the influence of intoxicating liquor when he drove his vehicle on the erratic sojourn which terminated in the muddy ditch. When found by the trooper, defendant was behind the steering wheel

with the engine running and lights on. Only the mud in the ditch was apparently preventing further movement of the vehicle.

We conclude the trial court abused its discretion in excluding the testimony of the troopers as to defendant's intoxication at the time of arrest. Under the circumstances herein, such evidence is clearly admissible and any argument must be confined to the weight to be ascribed thereto by the trier of fact.

Having concluded the trial court erroneously excluded the troopers' evidence of intoxication, we must, of necessity, further conclude that it was error to dismiss the case herein prior to trial.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.