Deana HINES, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 20283.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 27, 1996.

**Margaret SEIDL, Petitioner/Appellant,**

v.

**Lawrence SEIDL,
Respondent/Respondent.**

No. 68644.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1996.

Aaron S. Dubin, Vines, Frankel, Rubin, Bond & Dubin, P.C., Clayton, for appellant.

Timothy A. Graham, St. Louis, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Robert P. Warden, Joplin, for respondent.

PARRISH, Judge.

The Director of Revenue (the director) appeals an order rescinding the suspension of Deana Hines' driver's license. The director contends the trial court erred in rescinding the suspension of Mrs. Hines' license because the evidence disclosed she was operating a vehicle while in an intoxicated condition when the vehicle was stuck in a ditch. The director argues that the fact someone other than Mrs. Hines drove the vehicle into the ditch was not a basis for reinstating her license. This court reverses and remands.

Deana Hines and her husband were inside a vehicle that was in a ditch alongside a roadway. Mrs. Hines was sitting in the driver's seat with her hands on the steering wheel. The motor was running. The vehicle was stuck. Mr. Hines was in the front passenger seat.

A police officer arrived and stopped to see if the vehicle needed assistance. He testified, "I heard the motor running very hard. The transmission was obviously in gear and the rear wheels were spinning trying to reverse out of the ditch."

The officer approached the vehicle. The driver's window was down. He detected the odor of alcoholic beverage. He observed that Mrs. Hines' eyes were glassy and watery. Her speech was slurred. She swayed when she stepped from the vehicle. Later, Mrs. Hines was administered a breathalyzer test and registered .21% blood alcohol content.

The director suspended Mrs. Hines' driver's license in accordance with § 302.505, RSMo Supp.1993. The suspension was upheld following administrative hearing. *See* § 302.530.4, RSMo 1986. Mrs. Hines filed a petition for trial de novo in the Circuit Court of Jasper County as permitted by § 302.535, RSMo 1986.

At the trial de novo, Mrs. Hines contended she had not been driving the vehicle.[1] She and her husband had been drinking at a bar. They left the bar with a friend, Pete Inman, in the vehicle in which Mrs. Hines and her husband were later found. Mr. Inman was driving. The vehicle traveled about 100 yards before it ran off the road and became stuck. Mr. Inman and Mrs. Hines' husband got into an argument and Mr. Inman left.

Mrs. Hines had been riding in the back seat of the vehicle before it ran into the ditch. When Mr. Inman left, she crawled into the driver's seat where she was found by the police officer who stopped to lend assistance.

The director contends the trial court erred in reinstating Mrs. Hines' driver's license because she was operating the vehicle while intoxicated at the time the police officer arrived, regardless of whether she drove it into the ditch. In support of his position, the director cites *Chinnery v. Director of Revenue*, 885 S.W.2d 50 (Mo.App.1994).

---

1. This court is mindful that there are cases stating the director's burden of proof in this type of proceeding is to establish that the arresting officer had probable cause to make the initial arrest and that the chemical analysis showed a blood alcohol content of the minimum amount required to establish the presumption of intoxication. *See Stoltz v. Director of Revenue*, 816 S.W.2d 711, 713 (Mo.App.1991), *citing, Domsch v. Director of Revenue*, 767 S.W.2d 121, 123 (Mo. App.1989). However, as pointed out in *Cook v. Director of Revenue*, 890 S.W.2d 738, 739 (Mo. App.1995), § 302.530.4, RSMo1986, states that the issue to be determined is "whether ... the person *was driving* a vehicle under the circumstances set out in section 302.305." [Emphasis added.]

In *Chinnery*, the person whose license was suspended was found in a vehicle stuck in a ditch. He was trying, unsuccessfully, to move the vehicle from the ditch when a law enforcement officer arrived. The court held that a person may "be deemed to be 'operating' a vehicle that is stuck in a ditch." *Id.* at 52. The fact that the vehicle could not be driven from the ditch did not preclude its being operated. The court held that driving or operating a vehicle occurs "even when the vehicle is motionless as long as the person is keeping the vehicle in restraint or is in a position to regulate its movements." *Id.* Attempting to move a vehicle in the circumstances existing in *Chinnery* amounted to operating the vehicle.

The facts in this case are strikingly similar to those in *Chinnery*. Notwithstanding that the vehicle was stuck and had been driven into the ditch by someone other than Mrs. Hines, in attempting to move the vehicle from the ditch, Mrs. Hines was the person in a position to regulate its movement. The trial court misapplied the law in reinstating Mrs. Hines' driver's license. The judgment is reversed. The case is remanded. The trial court is directed to enter judgment sustaining the driver's license suspension.

SHRUM, C.J., and CROW, J., concur.