**F I L E D**

**UNITED STATES COURT OF APPEALS**

NOV 27 2002

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD MIRELEZ,

Defendant - Appellant.

No. 02-3153
D.C. No. 01-CR-20116-GTV
(D. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Richard Mirelez was convicted by a jury of driving under the influence and driving while his license was suspended.[1]  He now challenges the sufficiency of

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]The conduct underlying these convictions occurred at Fort Riley, Kansas, a federal military installation.  Mr. Mirelez was charged with DUI in violation of 18

(continued...)

the evidence on the conviction for driving while under the influence and also argues that the district court erred in admitting his driving record as a self-authenticating document.  For the reasons set out below, we affirm.

# I

This court reviews the sufficiency of the evidence by determining whether, "taking the evidence - both direct and circumstantial, together with the reasonable inferences to be drawn therefrom - in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. McKissick,* 204 F.3d 1282, 1289 (10th Cir. 2000) (internal quotation omitted).  We do not consider the credibility of witnesses, weigh conflicting evidence, or draw inferences ourselves.  *United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir. 1997).  Such determinations are the exclusive province of the jury.  *United States v. Nieto*, 60 F.3d 1464, 1469 (10th Cir. 1995).

In this case, the jury considered the direct and circumstantial evidence to weigh more heavily for the prosecution than for defendant.  That evidence indicated that defendant crossed the center line while driving, drove at a high rate

[1](...continued)
U.S.C. § 13, the Assimilative Crimes Act, and KAN. STAT. ANN. § 8-1567(a)(5), and driving with a suspended license in violation of 18 U.S. C. § 13 and KAN. STAT. ANN. § 8-262.

of speed, failed to signal upon making a turn, smelled of an alcoholic beverage, and had trouble with his balance in a field sobriety test. Defendant chose not to take a breathalyzer test, so no evidence was available from that source.

On appeal, defendant presents arguments as to why these facts should not result in the conclusion that he was driving under the influence. He contends the inferences which led the jury to that conclusion were drawn from circumstantial evidence and were drawn incorrectly. However, a DUI conviction may be sustained solely through circumstantial evidence. *See State v. Ward*, 660 P.2d 957, 959 (Kan. 1983). Furthermore, Kansas courts have sustained DUI convictions based on even less evidence than was presented in this case. *See, e.g., State v. Blair*, 974 P.2d 121 (Kan. App. 1999) (affirming DUI conviction where defendant was stopped for erratic driving, had smell of alcohol on breath, failed sobriety tests, admitted having been drinking, and refused chemical tests). If a reasonable trier of fact *could* find defendant guilty based on the evidence and the inferences it could draw from that evidence, we cannot reverse a conviction based on insufficiency of evidence. The jury in this case simply found the prosecution's version of the case more compelling than defendant's version. We cannot disturb that determination.

## II

Defendant also challenges the district court's admission of his driving record as a self-authenticating document under FED. R. EVID. 902. However, we cannot determine whether this exhibit was properly admitted under Rule 902 without reviewing a copy of the document. The document admitted by the trial court was not included in the record on appeal and was not attached to either party's brief. Under 10th Cir. Rule 10.3(D)(4), the record must contain any trial exhibits that are relevant to an issue raised on appeal and are referred to in the brief. *See also United States v. Adams*, 271 F.3d 1236, 1242 (10th Cir. 2001). Furthermore, "[t]he court need not remedy any failure by counsel to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it." 10th Cir. Rule 10.3(B). Accordingly, we decline to consider defendant's argument on this issue.

Based on the foregoing, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge