UNITED STATES of America, Plaintiff—Appellee,

v.

Richard MIRELEZ, Defendant— Appellant.

No. 02–3153.
D.C. No. 01–CR–20116–GTV.

United States Court of Appeals, Tenth Circuit.

Feb. 6, 2003.

## ORDER ON REHEARING

This case is before the court on a petition for rehearing from our previous decision in *United States v. Mirelez*, No. 02–3153, 2002 WL 31667914, 52 Fed.Appx. 106 (10th Cir. Nov. 27, 2002). In that order and judgment, we affirmed Mr. Mirelez's conviction, declining to consider his arguments regarding the admissibility of certain evidence because the evidence in question had not been provided for our review. In his petition for rehearing, Mr. Mirelez pointed out that while not previously included in the record before us, the exhibit had in fact been designated as part of the record. With the exhibit now before us, we grant the petition for rehearing and again affirm the decision of the district court.

■ Mr. Mirelez argues on appeal that the district court erred in admitting his driving record as a self-authenticating document. We review a district court's rulings on the admissibility of evidence for abuse of discretion. *United States v. Hanzlicek*, 187 F.3d 1228, 1236 (10th Cir.1999).

Self-authentication is governed by Federal Rule of Evidence 902, which states:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: . . . (4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority.

Fed.R.Evid. 902(4).

■ The exhibit that is the subject of this petition is a copy of Mr. Mirelez's driving record. This driving record is an official record maintained by the State of Kansas and filed in the Driver Control Bureau of the Division of Vehicles, Department of Revenue, State of Kansas.[1] The exhibit contains not only the record itself, but a notarized certification of the correctness of that record executed by a Certification/Suspension Clerk in the Driver Control Bureau and notarized. Suppl. Rec., exhib. 2 at 1. Accordingly, the exhibit satisfies the requirements of the Rule 902(4) pertaining to self-authentication, and the district court did not abuse its discretion in admitting the driving record into evidence.

We **GRANT** the petition for rehearing and **AFFIRM** Mr. Mirelez's conviction.

---

1. Because the driving record qualifies as a public record under F.R.E. 803(8), and is thus excepted from the hearsay rule, Mr. Mirelez's arguments regarding hearsay are without merit.