No. 124,920

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHANA L. JARMER,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

SYLLABUS BY THE COURT

A driver who is in actual physical control of the machinery of a vehicle, causing such machinery to move by engaging the transmission and pressing the gas pedal, is operating the vehicle within the meaning of K.S.A. 2020 Supp. 8-1002(a)(2)(A).

Appeal from Sumner District Court; GATEN WOOD, judge. Opinion filed January 13, 2023. Affirmed.

*C. Ryan Gering*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, for appellant.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

CLINE, J.: Shana L. Jarmer was notified her driving privileges would be suspended after she failed a breath alcohol test. She challenges the district court's decision to uphold the suspension by claiming she did not "operate" the vehicle because it was stuck in the mud and did not move. We disagree. Jarmer was actively controlling the movement of the vehicle by pressing the gas pedal, spinning the tires with the transmission engaged, and holding the steering wheel. We find such actions sufficient to

1

constitute "operation" of the vehicle under K.S.A. 2020 Supp. 8-1002(a)(2)(A) and affirm the district court.

*The underlying proceedings*

On January 24, 2021, law enforcement was called to the scene of a vehicle accident. Jarmer's husband had apparently driven their vehicle into a house before landing in a muddy ditch. Law enforcement arrived to find the couple trying to maneuver the vehicle out of the ditch. Jarmer was in the driver's seat, pressing the gas pedal with her hands on the steering wheel. The vehicle's tires were spinning, and her husband was pushing it from the rear. The vehicle itself was not moving, however, because of the muddy conditions.

Jarmer submitted to a breath alcohol test and the result was 0.156. The legal limit in Kansas is 0.08. See K.S.A. 2021 Supp. 8-1567(a). She was arrested for driving under the influence (DUI), and she was notified her driving privileges would be suspended by the Kansas Department of Revenue (KDR) under K.S.A. 2020 Supp. 8-1014.

Jarmer requested an administrative hearing to challenge the suspension of her driving privileges. The KDR upheld the suspension, finding Jarmer "operated [the] vehicle while [her] husband pushed [the] car." Jarmer then sought judicial review of this decision in Sumner County District Court. She argued that because the vehicle was not moving from one point to another, she was not "operating" or "driving" the vehicle. Instead, she claimed she was merely attempting to operate the vehicle, so the administrative suspension of her driver's license was improper. The relevant statute, K.S.A. 2020 Supp. 8-1002(a)(2)(A), requires the operation of a vehicle, rather than attempted operation, if the driver fails a breath alcohol test. In contrast, K.S.A. 2020 Supp. 8-1002(a)(1)(A) requires *either* operation or attempted operation if the driver refuses a breath alcohol test.

2

The district court denied Jarmer's petition after finding Jarmer was operating the vehicle since the engine was running, she was behind the wheel, and the tires were spinning. It emphasized that, but for the muddy conditions, the vehicle would have been in motion.

Jarmer timely appeals.

*Did the district court err in finding that Jarmer operated the vehicle?*

Jarmer challenges the district court's decision for the same reason she disputed the suspension below—she claims she was merely attempting to operate the vehicle, but not actually operating it.

Appeals of the administrative suspension of driver's licenses are subject to review under the Kansas Judicial Review Act. *Rosendahl v. Kansas Dept. of Revenue*, 310 Kan. 474, 480, 447 P.3d 347 (2019); see K.S.A. 2021 Supp. 8-259(a). Our review is unlimited here since there is no factual dispute and we are interpreting statutory language. This means we owe no deference to either KDR or the district court's interpretation of K.S.A. 2020 Supp. 8-1002(a)(2)(A). See *Hanson v. Kansas Corp. Comm'n*, 313 Kan. 752, 762-63, 490 P.3d 1216 (2021).

Jarmer argues the term "operate" in K.S.A. 2020 Supp. 8-1002(a)(2) should be interpreted the same way our Supreme Court has interpreted that term in the DUI statute—K.S.A. 8-1567. While this proposition makes sense, it does not further Jarmer's position because she overstates the holdings in the cases on which she relies.

Our Supreme Court has interpreted the term "operate" in the DUI statute to mean "drive." See, e.g., *State v. Zeiner*, 316 Kan. 346, Syl. ¶ 2, 515 P.3d 736 (2022); *State v.*

*Darrow*, 304 Kan. 710, Syl. ¶ 1, 374 P.3d 673 (2016); *State v. Kendall*, 274 Kan. 1003, 1009, 58 P.3d 660 (2002); *State v. Fish*, 228 Kan. 204, 207, 612 P.2d 180 (1980).

And, in *Darrow*, it held this means some movement of the vehicle is required. 304 Kan. 710, Syl. ¶ 1. But none of these cases hold, as Jarmer claims, that "the vehicle itself must be moving from one place to another" to find Jarmer was "driving" or "operating" it.

The district court found Jarmer was driving and causing movement of the vehicle by engaging the transmission and spinning the tires. And it properly distinguished the cases cited by Jarmer since none involved drivers as actively engaged as Jarmer. In fact, none of the vehicles involved in those cases were even in gear, and none of the drivers were awake when discovered by law enforcement:

- The defendant in *Fish* was found in his vehicle, parked off the highway at a community trash receptacle. The motor was running, the vehicle was in park, and Fish appeared to be asleep in the front seat. 228 Kan. at 205. Jarmer's vehicle was not in park, nor was she asleep.
- The defendant in *Kendall* was found slumped over the steering wheel of his truck, which was resting in the middle of a public street in a residential neighborhood. The truck's motor was running, Kendall was wearing his seat belt, the truck's headlights and brake lights were on, and Kendall had one foot on the brake. The truck was in neutral, and Kendall appeared to be asleep. 274 Kan. at 1004-05. Again, Jarmer was not passively sitting in the driver's seat of a running vehicle. Her transmission was not in neutral but was actively engaged as she pressed the gas pedal and spun the wheels.
- The defendant in *Darrow* was also found asleep in the driver's seat of a parked but running vehicle. After law enforcement approached and asked Darrow to turn off the vehicle, she "'started to reach down and fumble[] with the gear shift, but the car stayed in park.'" 304 Kan. at 712. On appeal, both this court and the Kansas

4

Supreme Court agreed that Darrow's actions in fumbling with the gear shift while in the driver's seat with the engine running could support the district court's finding that Darrow had "attempted to operate," i.e., attempted to move the vehicle, and thus was guilty of violating the DUI statute. 304 Kan. at 718. Jarmer's vehicle was not in neutral, and she did more than simply "fumble with the gear shift." She was engaging the transmission, which the court described in *Darrow* as "the last act needed to legally 'drive' the vehicle." 304 Kan. at 719.

- The defendant in *Zeiner* was also found asleep in the driver's seat of his SUV, parked alongside a gravel road. The motor had been turned off, but the radio and headlights were still on. At trial, the State argued Zeiner "was 'operating' his vehicle by running the heater, radio, and lights of his SUV while parked." 316 Kan. at 352. Relying on *Darrow*, 304 Kan. 710, Syl. ¶ 1, our Supreme Court found this was not a correct statement of the law, since when interpreting the DUI statute in *Darrow* it found the "'term "operate" is synonymous with "drive," which requires some movement of the vehicle.'" *Zeiner*, 316 Kan. at 353. The court noted that although Zeiner was in the driver's seat when law enforcement arrived, he "was wearing no seatbelt, made no attempt to move, stop, or shift the vehicle, or take any other action that indicated he was attempting to control the movement or future movement of the SUV." *Zeiner*, 316 Kan. at 347. Unlike *Zeiner*, Jarmer was actively controlling the movement of the vehicle by pressing the gas pedal with her hands on the wheel, spinning the tires, and trying to move the vehicle out of the ditch it was stuck in.

The facts here are almost identical to those in *Hines v. Director of Revenue*, 916 S.W.2d 884 (Mo. Ct. App. 1996). In that case, the defendant's husband had driven the couple's vehicle into a muddy ditch where it became stuck. Defendant Deana Hines then unsuccessfully tried to get it unstuck. Like Jarmer, Hines was in the driver's seat, the motor was running, the transmission was in gear, and the rear wheels were spinning. And, like Jarmer, Hines failed a breath test, and her driving privileges were suspended. Hines

5

made the same claim Jarmer does—that is, she argued she was not driving or operating the vehicle. However, the Missouri Court of Appeals found "in attempting to move the vehicle from the ditch, Mrs. Hines was the person in a position to regulate its movement," and thus was operating the vehicle. 916 S.W.2d at 886.

We agree with the court's statement in *Hines* that "[t]he fact that the vehicle could not be driven from the ditch did not preclude its being operated." 916 S.W.2d at 886 (quoting *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 52 [Mo. Ct. App. 1994]) ("[D]riving or operating a vehicle occurs 'even when the vehicle is motionless as long as the person is keeping the vehicle in restraint or is in a position to regulate its movements.'").

Jarmer's case is also like *Commonwealth of Pennsylvania v. Kallus*, 243 A.2d 483, 485 (Pa. Super. 1968). Like Jarmer, the defendant in *Kallus* was seated in the driver's seat behind the steering wheel, with the engine running, tires spinning, and vehicle in gear. While Jarmer was trying to dislodge her vehicle from mud, Kallus was trying the dislodge his from a snowbank. The Pennsylvania Superior Court found Kallus' actions met the meaning of the term "operate" under 75 Pa. Stat. § 1037. In upholding Kallus' conviction, it noted:

> "We agree with the reasoning of the court below that it is not necessary that the vehicle itself must be in motion but that it is sufficient if the operator is in actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself.
> "There is no doubt, in the present case, that the engine was running and that the car was in gear and thus the defendant was in actual physical control of the machinery of the vehicle. It was through no fault of his that the vehicle itself was not also in motion and had he succeeded in his efforts, the public safety, which the [statute] was intended to protect, could have been seriously jeopardized." 242 A.2d at 507-08.

Jarmer was in actual physical control of the movements of the machinery of the vehicle and, like the court pointed out in *Kallus*, had she succeeded in her efforts, she could have seriously jeopardized the public safety that K.S.A. 2020 Supp. 8-1002(a)(2) was intended to protect. See K.S.A. 2021 Supp. 8-1001(u) (implied consent law "is remedial law and shall be liberally construed to promote public health, safety and welfare"); see also *Huelsman v. Kansas Dept. of Revenue*, 267 Kan. 456, 462, 980 P.2d 1022 (1999) (distinguishing driver's license suspensions from DUI actions).

Recently, in *State v. Moler*, 316 Kan. 565, 519 P.3d 794 (2022), our Supreme Court interpreted the word "operate" in the context of the Kansas Offender Registration Act. It looked to the "common meaning" of the word as defined by Merriam-Webster's Collegiate Dictionary 869 (11th ed. 2019) ("defining the transitive verb form of 'operate' to mean to 'bring about, effect'; 'to cause to function, work'; 'to put or keep in operation'; or 'to perform an operation on'"). *Moler*, 316 Kan. at 572. Using this definition, we agree with the district court's finding that Jarmer operated the vehicle because she caused it to function or work when she engaged the transmission and pressed the gas pedal.

Affirmed.