IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,397

STATE OF KANSAS,
*Appellee*,

v.

ERIN KRISTENA DARROW,
*Appellant.*

SYLLABUS BY THE COURT

1.

Under the driving under the influence (DUI) statute, K.S.A. 2010 Supp. 8-1567, the term "operate" is synonymous with "drive," which requires some movement of the vehicle. Consequently, an "attempt to operate" under the DUI statute means an attempt to move the vehicle. The taking of actual physical control of a vehicle, without an attempt to move the vehicle, is insufficient to meet the attempt to operate element of DUI.

2.

When presented with stipulated facts, a court cannot ignore the circumstantial evidence presented in the stipulations because, if such evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue, that circumstantial evidence can support a guilty verdict. In other words, a court must consider the stipulated context in which the stipulated facts occurred.

3.

The probative values of direct and circumstantial evidence are intrinsically similar, and there is no logically sound reason for drawing a distinction as to the weight to be assigned to each. Consequently, like with direct evidence, an appellate court does not

1

reweigh the circumstantial evidence supporting a conviction against the circumstantial evidence supporting a not-guilty verdict. Instead, the appellate court's function is to determine if the direct and circumstantial evidence, viewed in a light most favorable to the State, could have reasonably supported a rational factfinder's guilty verdict.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 9, 2014. Appeal from Johnson District Court; THOMAS H. BORNHOLDT, judge. Opinion filed July 1, 2016. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Betsey L. Lasister*, legal intern, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Erin Darrow petitions this court for review of the Court of Appeals' decision in *State v. Darrow*, No. 109,397, 2014 WL 1887629 (Kan. App. 2014) (unpublished opinion), affirming her driving under the influence (DUI) conviction, third offense. The district court found Darrow guilty on stipulated facts. Darrow argues the stipulated facts were insufficient to prove she operated or attempted to operate a vehicle. We disagree, finding that the stipulated facts presented to us by the parties, together with the reasonable inferences to be drawn from those facts, when viewed in the light most favorable to the State, are sufficient to support the conviction.

FACTUAL AND PROCEDURAL OVERVIEW

Darrow was convicted of DUI, third offense, and refusing a preliminary breath test (PBT) after a bench trial on stipulated facts. But this particular case presents an unusual circumstance with respect to the stipulated facts.

Apparently, the presiding judge made inquiries beyond the written stipulation of facts presented at the bench trial, as evidenced by a stipulation on appeal. But, unfortunately, the record of the bench trial could not be transcribed because of an electronic recording malfunction and any discussion of the facts beyond the written stipulation in the record was lost. Consequently, the Court of Appeals granted defense counsel's motion to stay briefing in order to prepare and file an agreed statement as to the substance of the bench trial hearing. The parties then signed and filed a stipulation of facts for appeal. The written stipulation of facts submitted at the bench trial and the written stipulation of facts submitted in lieu of the trial transcript for appellate purposes are overlapping, but not identical. The propriety of this course of action was not challenged in the petition for review, and the parties' briefs cite to both sets of stipulated facts. Therefore, we will consider both factual stipulations.

The parties stipulated that on December 4, 2010, after a night of drinking, one of Darrow's friends commenced to drive Darrow and another person home. En route, Darrow was acting "a little belligerent," so the driver parked the car at the end of a dead-end street with the front of the vehicle against a chain-link fence. The driver and other passenger left, leaving Darrow alone in the vehicle. At some point after being abandoned by her friends, Darrow moved to the driver's seat, where she was later discovered asleep with the car running.

The next morning at 7:47 a.m., Officer S. Parker was dispatched to Darrow's location on report of an accident. When Parker approached the car, it was running, as evidenced by exhaust coming from the car's mufflers. Parker spoke with the reporting party, who explained that when she approached the car, she saw the sole occupant, later identified as Darrow, "passed out" behind the wheel. Parker made contact with Darrow, who remained asleep behind the wheel. Parker was able to wake Darrow and asked her to turn off the car. Darrow "started to reach down and fumble[] with the gear shift, but the car stayed in park."

Darrow opened the door and got out of the car. Parker noted Darrow smelled of alcohol, her speech was slurred, and her balance was unsteady. After Darrow failed field sobriety tests and exhibited other clues of impairment, Parker placed her under arrest. At the police station, Darrow refused to take a breath test. Based on his training and experience, Parker determined Darrow was operating a motor vehicle while she was under the influence of alcohol to a degree that rendered her incapable of safely driving.

In the stipulation of facts, the parties narrowed the issues before the district court. The State conceded that Darrow did not drive to the location where the police officer found her. In turn, Darrow conceded that if the district court determined she was operating or attempting to operate her vehicle, she was under the influence of alcohol to a degree that rendered her incapable of safely operating the vehicle. The parties also stipulated that Darrow had two prior DUI convictions. And finally, the parties agreed that the ultimate issue should be: "Is fumbling with [the] gear shift while [the] vehicle is running, operating or attempting to operate a motor vehicle?"

The district court found Darrow guilty of DUI and refusing a PBT. Darrow timely appealed from the district court's judgment, challenging the sufficiency of the evidence supporting her DUI conviction. The Court of Appeals held that under the totality of the

4

evidence presented in the stipulated facts, Darrow was guilty of DUI when she fumbled with the car's gear shift. 2014 WL 1887629, at *4.

DEFINITION OF ATTEMPT TO OPERATE

Before determining whether the State presented sufficient evidence to prove that the defendant violated a criminal statute, one must know the specific acts that are proscribed by the statutorily defined crime. Here, the Court of Appeals panel identified the relevant part of the applicable statute, K.S.A. 2010 Supp. 8-1567(a)(3), to be: "No person shall operate or attempt to operate any vehicle within this state while: . . . under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle." 2014 WL 1887629, at *2. The panel then determined that the proscribed act of attempting to operate a vehicle was satisfied if the defendant had "actual physical control" of the vehicle. 2014 WL 1887629, at *3. We disagree.

*Standard of Review*

Interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015).

*Analysis*

The Court of Appeals correctly recited that in *State v. Kendall*, 274 Kan. 1003, 1009, 58 P.3d 660 (2002), this court held that the terms "drive" and "operate" are synonymous. But then the panel took a wrong turn by importing a portion of the definition of "drive" from the Uniform Commercial Driver's License Act (UCDLA). That unrelated act defines "drive" as "to drive, operate or be in physical control of a motor vehicle . . . ." K.S.A. 2010 Supp. 8-2,128. *Darrow*, 2014 WL 1887629, at *2. The panel

5

then proceeded to decide the case on the basis of "whether Darrow was in 'actual physical control' of the vehicle when she fumbled with the gear shift." 2014 WL 1887629, at *3.

Pointedly, however, the panel failed to acknowledge that *Kendall* rejected the State's attempt to use the K.S.A. 1999 Supp. 8-2,128(j) definition of "drive" to define "operate or attempt to operate" in the DUI statute. After opining that the definitions in the Commercial Driver's License Act apply only to that act, *Kendall* specifically and unequivocally stated:  "K.S.A. 1999 Supp. 8-2,128 makes no difference here." 274 Kan. at 1009.

Instead, *Kendall* adhered to the holding in *State v. Fish*, 228 Kan. 204, 612 P.2d 180 (1980), that said "'operate' as used in [the DUI] statute should be construed to mean 'drive,' thus requiring some evidence, either direct or circumstantial, that the defendant drove the automobile while intoxicated in order for the defendant to be convicted [of DUI].'" *Kendall*, 274 Kan. at 1009 (quoting *Fish*, 228 Kan. at 210).

*Kendall* went on to say that the legislature's post-*Fish* amendment to K.S.A. 8-1567, prohibiting the operation *or attempt to operate* under the influence, was designed to encompass "those who merely tried but failed" to drive the vehicle. 274 Kan. at 1009. Therefore, "[m]ovement of the vehicle is not required in order to convict a defendant of DUI under the theory that defendant *attempted* to operate the vehicle." 274 Kan. at 1009-10. We reinforced that notion in *State v. Ahrens*, 296 Kan. 151, 160, 290 P.3d 629 (2012):  "[R]ather than requiring the State to prove that a defendant actually drove a vehicle while under the influence, the legislature employed the phrase 'operate or attempt to operate' in order to encompass a broader set of factual circumstances that could establish the driving element."

Importantly, however, *Kendall* declared that "nothing in *Fish* or other pertinent Kansas law says that the definition of 'driving' does not require movement of the vehicle." 274 Kan. at 1010. In other words, to "operate" means to "drive"; "driving" requires movement of the vehicle; therefore, "operating" requires movement of the vehicle, and an "attempt to operate" means to attempt to move the vehicle. Taking actual physical control of the vehicle is insufficient to attempt to operate that vehicle without an attempt to make it move. Accordingly, that part of the panel's decision holding that taking actual physical control of a vehicle satisfies the operate or attempt to operate element of DUI is overruled.

SUFFICIENCY OF THE EVIDENCE

The evidentiary question, then, is whether the State presented sufficient evidence through the stipulations of facts to prove that Darrow attempted to move the vehicle.

*Standard of Review*

The State argues that the Court of Appeals incorrectly applied a de novo standard of review to Darrow's sufficiency of the evidence claim. The ordinary standard of review for sufficiency of the evidence issues is "whether, after reviewing all the evidence in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Ward*, 292 Kan. 541, 581, 256 P.3d 801 (2011), *rev. denied* 132 S. Ct. 1594 (2012). But as Darrow argues and the Court of Appeals recognized, when a case is decided on stipulated facts, an appellate court can conduct a de novo review. *Darrow*, 2014 WL 1887629, at *1. See *State v. Dull*, 298 Kan. 832, 840, 317 P.3d 104 (2014) (citing *State v. McCammon*, 45 Kan. App. 2d 482, 488, 250 P.3d 838, *rev. denied* 292 Kan. 968 [2011]). Nevertheless, even when an appellate court states it is exercising de novo review of stipulated facts, the facts must be viewed in the light most favorable to the State when

7

testing their sufficiency. See *McCammon*, 45 Kan. App. 2d at 489-90 (reviewing the stipulated facts and holding the "evidence, viewed in a light most favorable to the prosecution, was legally sufficient"). *Cf. Siruta v. Siruta*, 301 Kan. 757, 761, 348 P.3d 549 (2015) ("We review the district court's denial of summary judgment de novo, viewing the facts in the light most favorable to the party opposing summary judgment.").

*Evidence that may be considered*

In the district court, the parties argued for the narrow factual consideration of whether simply fumbling with the gear shift while the vehicle is running, standing alone, would be sufficient evidence of an attempt to operate the vehicle. On appeal, the State contends that the court must view Darrow's actions in their entirety. The Court of Appeals implicitly agreed by considering the totality of the evidence presented in the stipulated facts. *Darrow*, 2014 WL 1887629, at *4.

We agree that all of the facts and circumstances, including the reasonable inferences that can be drawn therefrom, must be considered. See *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014) (quoting *State v. McCaslin*, 291 Kan. 697, Syl. ¶ 9, 245 P.3d 1010 [2011]) (conviction can be based entirely on circumstantial evidence "'and the inferences fairly deducible therefrom'"). The parties cannot cherry-pick the facts they want tested for sufficiency, but rather, an appellate court must review "*all the evidence* in a light most favorable to the prosecution." (Emphasis added.) *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). We cannot ignore the circumstantial evidence presented in the stipulations because, if such evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue, that evidence can support a guilty verdict. See *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014). We often recite that a conviction of even the gravest offense can be based entirely on circumstantial evidence. 298 Kan. at 689. See also *State v. Perkins*, 296 Kan. 162, 167, 290 P.3d 636 (2012) ("[A]

8

DUI conviction, like any conviction, can be supported by direct or circumstantial evidence."). In short, the stipulated facts must include the stipulated context in which they occurred.

Consequently, we first take a look at the stipulations. The original trial stipulation recites as follows:

"1. On December 5, 2010, at 7:47 AM Overland Park Officer S. Parker was dispatched to an accident, at the dead end street of W. 110th and Gillette, Overland Park, Johnson County, Kansas.

"2. Officer Parker located the Silver convertible, with the front of the vehicle into a chain link fence. Officer Parker observed the vehicle to be running because exhaust smoke was coming from the mufflers.

"3. Officer Parker made contact with the reporting party, Patricia Eikenberry who originally approached the vehicle and observed the sole occupant, later identified as Erin K. Darrow (defendant herein) passed out behind the wheel.

"4. Officer Park made contact with the defendant, who was still asleep behind the wheel. Once Officer Parker was able to arouse the defendant, she started to reach down and fumbled with the gear shift, but the car stayed in park.

"5. Upon the defendant opening her door, Officer Parker detected an odor of alcohol coming from defendant, her speech was slurred and balance was unsteady.

"6. Officer Parker had the defendant perform Standardized Field Sobriety Tests (SFSTs) which after performed indicated impairment.

"7. After failing the SFSTs and exhibiting other clues of impairment, the defendant was placed under arrest.

"8. At the station, the defendant was read the Implied Consent Advisory (DC70) and asked to submit to a breath test. The defendant refused a breath test.

"9. Officer Parker determined based on his training and experience that Defendant was operating a motor vehicle while she was under the influence of alcohol to a degree that rendered her incapable of driving safely.

"10. The State will concede the defendant did not drive to the location where her and her vehicle were initially found by Patricia Eikenberry.

9

"11. The Defendant will concede that if determined by this court she was operating or attempting to operate her vehicle as observed by Patricia Eikenberry or Officer Parker, she was indeed under the influence of alcohol to a degree that rendered her incapable of safely driving a vehicle.

Records confirm Defendant has the following prior convictions:

1) A DUI that occurred in Merriam, Kansas on 12/6/01 and resulted in a diversion on 8/21/03.

2) A DUI that occurred in Overland Park, Kansas on 5/10/01 and resulted in a conviction on 3/26/03."

The agreed upon stipulation of facts for appeal recites as follows:

"1. On November 27, 2012, Judge Bornholdt found Ms. Erin Darrow guilty of DUI based on the stipulation of facts presented by the State and Defense.

"2. The stipulation of facts presented were agreed upon by Defense Attorney Edward Pitluck and Assistant District Attorney Josh Brunkhorst.

"3. The stipulated facts presented to the Judge described the following events:

    a. Ms. Darrow was found asleep in her car by nearby homeowner; the car was on but in park.

    b. The car was parked against a chain link fence; the car was actually touching the fence.

    c. A police office was called and knocked on Ms. Darrow's window.

    d. The officer asked if she was alright and asked her to turn off the car.

    e. Ms. Darrow, in a daze, fumbled with the gear shift and eventually was able to open the car and get out.

    f. Earlier that night Ms. Darrow was drinking with some friends.

    g. One of these friends was driving Ms. Darrow and another friend home that night after drinking.

    h. Ms. Darrow was acting a little belligerent so the driver parked the car just as it was found by the police officer and left with the friend, leaving Ms. Darrow alone in the car.

            i.    Ms. Darrow switched to the driver's seat and fell asleep with the car
                on.

"4. The Judge had asked for clarification after reading the facts and both the State and Defense agreed that the only issue was whether that brief moment of fumbling with the gear shift amounted to a DUI.

"5. The Judge then found that there was evidence to support the charge and found her guilty."

*Are the facts, circumstances, and inferences sufficient?*

The original stipulation includes the circumstances that Darrow was observed passed out behind the wheel, *i.e.*, in the driver's seat of the vehicle; that the vehicle engine was running; and that upon waking Darrow reached down and fumbled with the gear shift lever, but the transmission remained in park. The appeal stipulation tells us a bit more. Upon awakening Darrow, the police officer asked Darrow to turn off the car engine. Darrow was in a daze when she fumbled with the gear shift lever. The parties also stipulated that, after being abandoned by her friends, Darrow switched to the driver's seat and fell asleep with the engine running. Pointedly, we do not know whether Darrow started the engine or it was left running by her "friends" when they jumped ship.

Darrow argues that the stipulated facts do not prove attempted operation, *i.e.*, do not prove that she tried to move the car. Rather, she claims that those facts are consistent with her suggestion that she was simply sleeping in a running car and moved to the driver's seat to smoke a cigarette because the passenger side window was broken. One might also view Darrow's fumbling with the gear shift lever upon being awakened as a dazed person's attempt to comply with the officer's command to turn off the engine, rather than an attempt to get the vehicle moving.

11

But we do not view the evidence in the light most favorable to the defendant's theory of what might have happened—the State gets that advantage after a factfinder convicts the defendant. From that vantage point, the State can point to the following facts: the vehicle's engine was running, *i.e.*, the vehicle was ready to move upon the engagement of the transmission; Darrow had previously moved into the driver's seat, *i.e.*, she had intentionally placed herself in a position to manipulate the controls necessary to move the vehicle and may have been the one to start the engine; and, upon being awakened, Darrow reached down and fumbled with the gear shift lever, *i.e.*, she made an overt act toward engaging the transmission, which was arguably the last act needed to legally "drive" the vehicle.

The State calls our attention to the facts found sufficient in *Kendall*. There, the police found Kendall's truck in the middle of a residential street, with the engine running, lights on, and transmission in neutral. Kendall was slumped over the steering wheel, wearing his seat belt, with his foot on the brake, but apparently asleep. When he awoke, he told the officers that he had not been driving and claimed that someone else had driven the vehicle to the location where he was discovered. This court found sufficient evidence to support an attempt to operate.

Other cases have looked at similar scenarios. For instance, in *State v. Sprague*, No. 105,827, 2012 WL 3822625 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1255 (2013), a police officer found a sleeping Sprague slumped over the steering wheel in the driver's seat of a truck parked on the side of the street. The truck's engine was running, and the radio was playing loudly. Sprague testified that his cousin had driven him home from a local bar and he "passed out" in the passenger seat on the way home. He could not recall how he ended up in the driver's seat with the engine running. In arguing the State failed to prove operation, Sprague conceded the facts proved an attempt to operate a vehicle, and the panel noted: "After all, [the vehicle] was found with

12

him in the driver's seat and the engine running." 2012 WL 3822625, at *7. See also *State v. Adame*, 45 Kan. App. 2d 1124, 1129, 257 P.3d 1266 (holding sufficient evidence supported attempt to operate by showing Adame sat on the driver's side of vehicle with key in ignition trying to start vehicle), *rev. denied* 293 Kan. 1108 (2011); *State v. Stottlemire*, No. 105,284, 2011 WL 4357860, at *3 (Kan. App. 2011) (unpublished opinion) (holding sufficient evidence supported attempt to operate because the deputy saw Stottlemire in driver's seat of parked SUV with key in the ignition and motor running and Stottlemire admitted she placed the key in the ignition and started the vehicle); *cf.* 1 Erwin, Defense of Drunk Driving Cases § 1.02(1)(c) (2016) ("The fact that the engine is running is almost always sufficient to constitute operation, even in a case in which the defendant is found sleeping or passed out while sitting behind the wheel of the vehicle.").

Certainly, as the Court of Appeals opined, the facts here present a close case. But we are not afforded the luxury of deciding this case on the basis of the inferences we would have found most persuasive as a factfinder. As with direct evidence, it is not the function of this court to reweigh the circumstantial evidence supporting Darrow's conviction versus the circumstantial evidence supporting a not-guilty verdict. See *State v. Scott*, 271 Kan. 103, 107, 21 P.3d 516 (2001) ("The probative values of direct and circumstantial evidence are intrinsically similar, and there is no logically sound reason for drawing a distinction as to the weight to be assigned to each."). Instead, our function is to determine if the direct and circumstantial evidence, viewed in a light most favorable to the State, could have reasonably supported a rational factfinder's guilty verdict. Here, we are compelled to sustain the integrity of the factfinder's determination and hold the evidence was legally sufficient to support the verdict.

Affirmed.

13

BEIER, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 109,397 vice Justice Beier under the authority vested in the Supreme Court by K.S.A. 20-2616.