NOT DESIGNATED FOR PUBLICATION

No. 112,093

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY R. FULLERTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 3, 2017. Convictions reversed and sentences vacated.

.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

PER CURIAM: Jeffrey R. Fullerton appeals his convictions of refusing to submit to a test to determine the presence of alcohol or drugs and driving while a habitual violator. Fullerton claims: (1) his conviction of refusing to submit to a test to determine the presence of alcohol or drugs must be reversed because the statute upon which it is based is unconstitutional; (2) there was insufficient evidence at the bench trial on stipulated facts to convict him of driving while a habitual violator; and (3) the district court erred in imposing a fine for the conviction of refusing to submit to a test without considering

1

community service in lieu of the fine. For the reasons stated herein, we reverse Fullerton's disputed convictions and vacate his sentence for each conviction.

On March 27, 2013, Chief Howard Bishop and Officer Shaun Davis of the Cheney Police Department were dispatched to investigate a disturbance. Upon arriving at the scene, the officers observed a black Lincoln sitting stationary in the street with Fullerton in the driver's seat. The officers smelled "a strong odor of consumed alcoholic beverage" coming from Fullerton. As Fullerton exited the vehicle, he had difficulty maintaining his balance and he needed to use the vehicle for support. Fullerton admitted to the officers that he should not be driving and that he would not pass any alcohol-related tests. Fullerton refused to submit to field sobriety tests as well as a preliminary breath test (PBT). The officers arrested Fullerton for suspicion of driving under the influence. At the jail an officer read Fullerton the implied consent advisories, but he refused to submit to an evidentiary breath test. Upon further investigation, the officers discovered that Fullerton's driver's license was revoked and he was designated as a habitual violator.

On May 10, 2013, the State charged Fullerton with one count of refusing to submit to a test to determine the presence of alcohol or drugs in violation of K.S.A. 2012 Supp. 8-1025, one count of refusing to submit to a PBT in violation of K.S.A. 2012 Supp. 8-1012, and one count of driving while a habitual violator in violation of K.S.A. 2012 Supp. 8-285 and 8-287. Fullerton filed a motion to dismiss the charge of refusing to submit to a test in violation of K.S.A. 2012 Supp. 8-1025, arguing that the statute was unconstitutional, but the district court denied the motion.

On February 10, 2014, the district court held a bench trial on stipulated facts. Fullerton indicated that he was preserving his argument regarding the constitutionality of K.S.A. 2012 Supp. 8-1025. The parties agreed that the sole evidence presented at the bench trial would be "in accordance with the affidavit of probable cause." The affidavit of probable cause, set forth in its entirety, stated as follows:

2

"I Howard Bishop, of lawful age, being first duly sworn on oath, on information and belief states: I am the Police Chief with the City of Cheney, Sedgwick County Kansas. Officer Shaun Davis was assigned to work the following case for the Cheney Police Department.

"On or about the 27th day of March 2013 at approximately 1805 hours, Officer S. Davis was dispatched to 513 N. Adams Street for a disturbance. Officers were advised the suspect, Jeffrey Fullerton was traveling South in the 300 block of Adams in a black Lincoln car. Officers arrived in the area and observed a black in color Lincoln driven by Jeffrey Fullerton sitting stationary in the 300 block of Adams facing south. Officers stopped the vehicle to investigate the disturbance.

"Upon contact Officers observed a strong odor of consumed alcoholic beverage coming from the driver, Jeffrey Fullerton. Officers asked the driver to exit the vehicle for further questions. As the driver exited the vehicle, the driver had difficulty maintaining his balance and having to use the vehicle for support. During the investigation of the incident, this officer could detect a strong odor of consumed alcoholic beverage coming from Jeffrey Fullerton. Jeffrey Fullerton admitted to this officer he should not be driving and he would not past the tests. Jeffrey Fullerton was given multiple opportunities to submit to field sobriety tests as well as a preliminary breath test. Jeffrey Fullerton refused to perform any tests. At the jail, after reading Fullerton the implied consent, Fullerton refused to submit to a breath test. Upon further investigation, Jeffrey Fullerton's license was revoked and labeled as a habitual violator.

"The certified journal entry of judgment from the Municipal Court of Lenexa, Kansas dated March 8, 2013 shows that Jeffery R Fullerton entered a plea of guilty on October 24, 2007, in case number 399081. This was a second offense of DUI. The entry further finds that the defendant has been previously convicted of DUI on November 28, 2005, in the Municipal Court of Douglass, Kansas, in case number 05-390.

"A certified journal entry of judgment from the Municipal Court of Wichita, Kansas dated April 10, 2013 shows Jeffery R Fullerton entered a no contest plea on December l, 2005 in case number 05DU000549 as amended to a second offense of DUI.

"A certified copy of Jeffrey Fullerton's driving record was received and shows that his driving privileges were revoked for a period of three years starting 08/20/2[012] thru 08 /20/2015.

"FURTHER AFFIANT SAITH NOT."

3

Based on the stipulated evidence, the district court found Fullerton guilty as charged. At the sentencing hearing on April 2, 2014, the district court sentenced Fullerton to 12 months in jail plus a $2,500 fine for the conviction of refusing to submit to the test in violation of K.S.A. 2012 Supp. 8-1025. The district court imposed a concurrent 12-month jail term for the conviction of driving while a habitual violator and assessed a $105 fine for the conviction of refusing to submit to the PBT. Fullerton timely appealed.

Fullerton filed his initial brief with our court on October 29, 2014. He argued that his conviction of refusing to submit to a test in violation of K.S.A. 2012 Supp. 8-1025 must be reversed because the statute is unconstitutional under the Kansas and United States Constitutions. He also argued there was insufficient evidence to support his conviction of driving while a habitual violator. Fullerton filed a supplemental brief and argued that the district court erred in imposing a fine for his conviction of refusing to submit to a test without considering community service in lieu of the fine. The State filed its brief on February 25, 2015, and argued that K.S.A. 2012 Supp. 8-1025 does not violate the Constitution; there was sufficient evidence to support Fullerton's conviction of driving while a habitual violator; and the district court did not err in imposing a fine for Fullerton's conviction of refusing to submit to a test.

Our court placed this appeal on hold because the issue of the constitutionality of K.S.A. 8-1025 was being considered in a pending case before the Kansas Supreme Court. Our Supreme Court ultimately resolved the issue of the statute's constitutionality in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), and in *State v. Ryce*, 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*).

*Conviction of refusing to submit to a test in violation of K.S.A. 2012 Supp. 8-1025*

We will first address Fullerton's claim that K.S.A. 2012 Supp. 8-1025 is unconstitutional. The question of whether a statute is unconstitutional is a question of law

4

over which an appellate court has unlimited review. *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014). Constitutional grounds for reversal must be asserted in district court for the issue to be preserved for appellate review. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Fullerton filed a motion to dismiss in district court and argued that K.S.A. 2012 Supp. 8-1025 is unconstitutional, and he renewed that argument at the bench trial. Thus, Fullerton properly preserved this issue for appellate review.

In *Ryce I*, our Supreme Court explained that the Fourth Amendment of the United States Constitution and § 15 of Kansas Constitution Bill of Rights protect people from unreasonable searches. 303 Kan. at 909. The court found that the tests authorized by the Kansas implied consent law were searches subject to Fourth Amendment protections. 303 Kan. at 912-13. A search is unreasonable under the Fourth Amendment if it is conducted without a warrant, subject only to a few "well-delineated exceptions" to the warrant requirement. 303 Kan. at 913. While the court recognized that consent was a valid basis to perform a warrantless search, the court also held that the Fourth Amendment protected an individual's right to withdraw that consent. See 303 Kan. at 957. Thus, the court concluded that K.S.A. 2014 Supp. 8-1025, which punishes an individual for withdrawing consent, is facially unconstitutional because it is not narrowly tailored to serve the interests that the Kansas Legislature was trying to protect when it enacted the statute. 303 Kan. 899, Syl. ¶ 12.

After *Ryce I*, the United States Supreme Court issued an opinion in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016). *Birchfield* involved statutes similar to K.S.A. 8-1025 from multiple states, which criminalized the refusal of blood and breath-alcohol testing. The *Birchfield* Court held that the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving but does not permit warrantless blood tests. 136 S. Ct. at 2185. *Birchfield* also held that motorists cannot be deemed to consent to a blood test on "pain of committing a criminal offense." 136 S. Ct. at 2186.

5

In light of the decision in *Birchfield*, the Kansas Supreme Court granted the State's motion for a rehearing in *Ryce I*. However, our Supreme Court ultimately reaffirmed its holding in *Ryce I* that K.S.A. 8-1025 is facially unconstitutional. *Ryce II*, 306 Kan. at 699-00. Our Supreme Court emphasized that "the key to *Ryce I* and its sister cases is an issue of statutory interpretation . . . not, as in *Birchfield*, [with] whether warrantless blood and breath tests were reasonable under the Fourth Amendment." *Ryce II*, 306 Kan. at 699.

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We have no indication that our Supreme Court is departing from its position in *Ryce I* and *Ryce II*. Here, Fullerton was convicted of refusing to submit to a test to determine the presence of alcohol or drugs in violation of K.S.A. 2012 Supp. 8-1025. Because the statute has been declared facially unconstitutional by the Kansas Supreme Court, Fullerton's conviction for violation of the statute must be reversed and his sentence for this conviction, including the $2,500 fine, must be vacated. This disposition renders moot Fullerton's argument that the district court erred in imposing a fine for the conviction of refusing to submit to a test without considering community service in lieu of the fine.

*Conviction of driving while a habitual violator*

We next turn to Fullerton's claim that there was insufficient evidence to convict him of driving while a habitual violator. Fullerton points out that the evidence at the bench trial on stipulated facts was limited to the affidavit of probable cause. He also points out that the Kansas Supreme Court has recognized that an accused's knowledge of his or her status as a habitual violator is a required element of the crime of driving while a habitual violator. Fullerton argues that there was insufficient evidence to support his conviction of driving while a habitual violator because the affidavit of probable cause "omitted any mention of the requisite knowledge element of the crime."

The State argues that when the evidence is reviewed in the light most favorable to the State, it was sufficient to support Fullerton's conviction of driving while a habitual violator. The State points out that the affidavit of probable cause made reference to a certified copy of Fullerton's driving record. The State then argues that Fullerton's driving record "would have been offered into evidence had the case proceeded to trial."

Fullerton may raise a sufficiency of the evidence argument for the first time on appeal. See *State v. Farmer*, 285 Kan. 541, 545, 175 P.3d 221 (2008) ("There is no requirement that a criminal defendant challenge the sufficiency of the evidence before the trial court in order to preserve it for appeal."). Likewise, Fullerton can challenge the sufficiency of the evidence to support his conviction of driving while a habitual violator even though he stipulated to the evidence in district court. See *State v. Darrow*, 304 Kan. 710, 715-20, 374 P.3d 673 (2016).

When the sufficiency of the evidence is challenged in a criminal case, the appellate court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). When a case is decided on stipulated facts, an appellate court has de novo review over any challenge to the sufficiency of the evidence. *State v. Dull*, 298 Kan. 832, 840, 317 P.3d 104 (2014).

Fullerton was convicted of driving while a habitual violator in violation of K.S.A. 2012 Supp. 8-285 and 8-287. The burden is on the State to prove beyond a reasonable doubt every element of the alleged crime. *State v. Pollard*, 306 Kan. 823, 839, 397 P.3d 1167 (2017). Here, the State had the burden to prove that: (1) Fullerton drove a vehicle on a roadway; (2) the division of motor vehicles had determined that Fullerton was a habitual violator and had revoked his driving privileges; (3) Fullerton had knowledge of his status as a habitual violator; and (4) the act occurred in Sedgwick County, Kansas. See PIK Crim. 4th 66.120 (2013 Supp.). Neither party disputes that Fullerton was

7

operating a vehicle while his license was suspended as a habitual violator. Instead, the disputed issue is whether the State submitted sufficient evidence at the bench trial to prove that Fullerton had the requisite knowledge of his status as a habitual violator.

In *State v. Lewis*, 263 Kan. 843, 858, 953 P.2d 1016 (1998), our Supreme Court held that a violation of K.S.A. 8-287 is not a strict liability offense and that "[a]n accused's knowledge of his or her status as a habitual violator is a required element of the crime of driving while a habitual violator." But the court also held that proof of such knowledge may be inferred "from the fact that notification of the accused's status as a habitual violator was mailed to the accused at the accused's last known official address." 263 Kan. at 859; see also *State v. Crum*, 270 Kan. 870, Syl. ¶ 3, 19 P.3d 172 (2001).

Here, the parties opted to proceed with a bench trial based upon stipulated facts. The parties agreed that the *sole* evidence presented would be "in accordance with the affidavit of probable cause." The affidavit contained only two sentences regarding Fullerton's driving status: (1) "Upon further investigation, Jeffrey Fullerton's license was revoked and labeled as a habitual violator"; and (2) "A certified copy of Jeffrey Fullerton's driving record was received and shows that his driving privileges were revoked for a period of three years starting 09/20/2[012] thru 08/20/2015." However, the actual certified copy of Fullerton's driving record was not admitted into evidence at trial.

As we have indicated, the State may establish the defendant's knowledge of his or her status as a habitual violator by submitting proof that a notice letter was mailed to the defendant at his or her last known official address. *Lewis*, 263 Kan. at 859; *Crum*, 270 Kan. 870, Syl. ¶ 3. In *Crum*, our Supreme Court held that the trial evidence was sufficient to convict the defendant of driving while a habitual violator because the evidence included a certified copy of the defendant's driving record, which contained a letter of notice of habitual violator status. 270 Kan. at 878. But in Fullerton's case, the certified copy of his driving record was not admitted into evidence.

8

The State argues that Fullerton's driving record "*would have been offered into evidence* had the case proceeded to trial." (Emphasis added.) Presumably the State means that it would have admitted Fullerton's driving record into evidence had the case proceeded to trial other than a trial based on stipulated facts. But here, the State agreed to a bench trial based upon stipulated facts in which the sole evidence was the affidavit of probable cause. The affidavit of probable cause contained no statement that Fullerton had knowledge of his status as a habitual violator or that notification of Fullerton's status as a habitual violator had been mailed to him at his last known official address.

In sum, the State failed to admit sufficient evidence at trial for a rational fact-finder to find, beyond a reasonable doubt, that Fullerton had knowledge of his status as a habitual violator. Even when reviewing the evidence in the light most favorable to the State, the probable cause affidavit was insufficient to establish this essential element of the crime. Thus, we must reverse Fullerton's conviction of driving while a habitual violator and vacate his sentence for that conviction.

Convictions reversed and sentences vacated.