NOT DESIGNATED FOR PUBLICATION

No. 117,094

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD J. LLOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed December 1, 2017. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: While leaving the court after his jury trial conviction, Todd Lloyd threatened to harm his arresting officers. At a subsequent bench trial, the district court found him guilty of criminal threat. Lloyd appeals, claiming the evidence was insufficient to convict him. Our review of the entire record reveals sufficient evidence to support the conviction. We affirm.

1

FACTS

After the jury in Reno County District Court case No. 14CR313 returned its verdict convicting Lloyd of kidnapping, Lloyd became upset. While two sheriff deputies led him out of the courtroom in shackles, Lloyd was muttering under his breath and shaking his head. Most of what Lloyd muttered was inaudible to the people around him, but certain phrases were heard more clearly. Each witness presented a slightly different account of Lloyd's comments.

According to several witnesses, Lloyd looked in the direction of the arresting officers in the kidnapping case, Hutchinson Police Officers Eric Buller and Josh Radloff. Buller and Radloff each testified that Lloyd looked directly at them and threatened to kill them when he was released from prison. Buller further testified that he took Lloyd's threat seriously and was concerned by the threat.

The next day, the State filed criminal threat charges against Lloyd. He ultimately waived his right to a jury trial in favor of a bench trial. Ten witnesses, including Lloyd, offered testimony. After hearing the evidence, the district court pronounced Lloyd guilty of criminal threat and made findings supporting its judgment.

Lloyd filed a posttrial motion for new trial claiming the evidence was insufficient to establish communication of a threat to the officers, the State had elected to abandon its theory of reckless criminal threat, and the evidence was insufficient to support a conviction for reckless criminal threat. He also sought a downward sentencing departure, seeking concurrent sentencing with his kidnapping sentence.

At sentencing on October 14, 2016, the district court denied Lloyd's motions for new trial and for a sentencing departure. The court ordered Lloyd to serve 15 months in prison consecutive to the sentences imposed in Lloyd's previous cases.

ANALYSIS

*Sufficient Evidence*

Lloyd's single issue on appeal challenges the sufficiency of the State's evidence in support of his conviction for criminal threat. When the sufficiency of the evidence is challenged in a criminal case, an appellate court reviews the record, taking the evidence and any reasonable inferences drawn from the evidence in a light most favorable to the State, to determine whether a rational factfinder could have found the defendant guilty of the charged offense beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016).

In order to establish criminal threat as charged in this case, the State was required to prove Lloyd communicated a threat of violence to another person with the intent to instill fear in the person or in reckless disregard of the risk of causing such fear. K.S.A. 2016 Supp. 21-5415(a)(1). Lloyd challenges two elements of the offense: communication of the threat and the intent to instill fear or reckless disregard of the risk of causing that fear.

*Communication*

Communication of a threat requires proof of a threat and proof the threat was perceived and comprehended. *State v. Woolverton*, 284 Kan. 59, 69, 159 P.3d 985 (2007). All circumstances surrounding the communication, including the relationship between the parties, must be considered in determining whether the alleged communication created a criminal threat. *State v. Miller*, 6 Kan. App. 2d 432, 435, 629 P.2d 748 (1981). A communicated threat may be inferred from physical acts as well as verbal statements. 6 Kan. App. 2d at 435. The threat need not be conveyed in a particular form or in particular

words but may be communicated through innuendo or suggestion. See *State v. Knight*, 219 Kan. 863, 866, 549 P.2d 1397 (1976).

While the two police officers to whom the threat was communicated differed slightly in their accounts of the precise wording of the threat, they both indicated a perceived threat of being killed by Lloyd. The district court found the officers to be credible. The court found sufficient corroboration in the testimony of other witnesses to conclude Lloyd looked directly at the officers as he was being led from the courtroom and was angry with the verdict.

Lloyd now argues the district court's conclusion he communicated a threat to the officers is unsupported by the evidence. Lloyd focuses on the fact no one other than the officers heard the threat to kill, even though several witnesses were closer than the officers to Lloyd. Lloyd's argument, however, seeks to have this court reweigh the evidence in a manner more sympathetic to him. An appellate court does not reweigh evidence, resolve evidentiary conflicts, or assess the credibility of witnesses. *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). While the court must consider all of the evidence, the court is constrained to view the evidence, along with reasonable inferences, in a light most favorable to the prevailing party, in this case, the State. See *State v. Darrow*, 304 Kan. 710, 716, 374 P.3d 673 (2016).

Further, contrary to Lloyd's argument on appeal, the witnesses closest to Lloyd as he was being led out of the courtroom testified he made statements that could be construed as threatening and it appeared Lloyd was looking directly at Buller and Radloff when the statements were said to have been made. If not direct evidence, it is circumstantial evidence the statements were directed at the officers. See *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016) (circumstantial evidence may be used to support a conviction). While we recognize the various witnesses could not agree about the specifics of Lloyd's statements, they were substantially similar. The credibility analysis is left to

the district court. The witnesses were testifying from memory about Lloyd's verbal threat, and some of the witnesses' focus had been divided between Lloyd and other activities associated with the end of a trial.

Buller thought Lloyd said something to the effect of, "You better hope I don't get out because I'm going to kill you." He admitted he could not hear everything Lloyd said clearly, did not make a note of the exact wording of the threat, and was relying on his memory. Nevertheless, Buller's previous characterization of the threat is essentially consistent with his characterization at trial. Radloff's testimony generally supported Buller's recounting:  Lloyd said he would kill them. One of the sheriff's deputies following Lloyd out of the courtroom stated he heard him say, "[Y]ou better hope I never get out of jail," followed by something the deputy could not understand. The other deputy, who was in front of Lloyd, heard Lloyd say, "[Y]ou better hope I never get out of jail," followed by, "I'll find you," and some other undistinguishable things. The deputy also heard Lloyd say, "[Y]ou're not going to like it." The court reporter, who was between the officers and Lloyd at the time he was being led out of the courtroom, heard Lloyd make statements to the officers she described as derogatory, but she could not remember what was specifically said.

The evidence presented at trial was nearly universal—the character of Lloyd's statements was threatening and the comments were directed to Buller and Radloff. Both officers recalled hearing a threat to kill them. The evidence taken in a light most favorable to the State supports that Lloyd's threat was communicated to the officers.

*Reckless Disregard of Causing Fear*

Next, Lloyd contends the evidence was insufficient to support the district court's conclusion the threat was communicated recklessly in conscious disregard of the risk of causing fear in the officers. In presenting his argument on appeal, however, Lloyd again

5

seeks to have this court reweigh the evidence presented at trial, which the applicable standard of review constrains the court from doing. *Dunn*, 304 Kan. at 822.

Despite the general activity occurring in the courtroom at the conclusion of the kidnapping trial, the evidence supports a finding Lloyd was angry with the guilty verdict and conveyed his anger to the persons he believed responsible for the verdict—Buller and Radloff. He conveyed his displeasure by glaring at them and threatening to kill them. He may not have intended to place the officers in fear, but he clearly intended to convey his displeasure with their roles in his conviction. He did so in disregard of the high likelihood his comments might instill fear in the officers. The evidence taken in a light most favorable to the State supports the district court's conclusion Lloyd acted in reckless disregard of the risk of causing the officers fear.

Affirmed.