NOT DESIGNATED FOR PUBLICATION

No. 117,886

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STACEY LYNN STODDARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed June 22, 2018. Affirmed.

*Andy Vinduska*, of Manhattan, for appellant.

*Bethany C. Fields*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM:  A jury found Stacey Lynn Stoddard guilty of attempting to drive a motor vehicle while under the influence of alcohol (DUI). See K.S.A. 2017 Supp. 8-1567(a)(3). She timely appeals, arguing that the evidence was insufficient to support the conviction. For the reasons stated below, we affirm the conviction.

1

*Factual and procedural background*

K.S.A. 2017 Supp. 8-1567(a)(3) prohibits operating, or attempting to operate, a motor vehicle under the influence of alcohol to a degree that renders the person incapable of safely operating a vehicle. Stoddard does not deny that she was intoxicated but instead argues insufficient evidence shows she was attempting to operate a vehicle.

The evidence at trial established that Stoddard made two attempts to start a car. Cody Nederhoff testified that on June 29, 2016, around 2:45 p.m. on his way to work, he came upon a vehicle that was off the road and resting against a light pole. When he approached the car, he saw Stoddard in the driver's seat, trying to restart the car. She got out of the car, stumbled, and could not keep her balance. Based on his observations, Nederhoff believed she was intoxicated and called the police.

Stoddard returned to the car and again tried to start it. Nederhoff testified that he "heard it turn over, but it sounded dead" and it did not start while he was there. When law enforcement officers arrived, they found the car still resting against the light pole, but Stoddard was not in it. They eventually found her in a nearby ditch with a large flathead screwdriver in her hand. An officer testified that the ignition in the car had been altered so that it could be started with a tool such as a screwdriver instead of a key. Officers arrested Stoddard after she refused to perform field sobriety tests.

The State charged Stoddard with the following: operating a motor vehicle under the influence of alcohol and, in the alternative, attempting to operate a motor vehicle under the influence of alcohol; operating a motor vehicle not equipped with an ignition interlock device as required by her driver's license restriction; and failing to report an accident involving property damage, a count it later dropped.

A jury found Stoddard guilty of the attempting to operate DUI count and acquitted her of the other charges. During its deliberations, the jury asked the court to define "attempt" and "operate" as used in the instructions. After consultation with counsel, the court replied that "operate" should be construed to mean "drive" and that an attempt to operate requires "(1) the intent to operate; (2) an overt act towards the perpetration of the crime; and (3) failure to operate." The court's definitions are consistent with caselaw and with K.S.A. 2017 Supp. 21-5301(a) which lists the elements of attempt.

*Standard of review*

To the extent Stoddard challenges the sufficiency of the evidence, we determine "whether, after reviewing all the evidence in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Ward*, 292 Kan. 541, 581, 256 P.3d 801 (2011). To the extent Stoddard argues that the facts do not constitute an attempt to operate a vehicle, this presents an issue of statutory interpretation which is a question of law over which we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Stoddard first argues that she did not attempt to operate a vehicle as that term was defined by our Supreme Court in *State v. Darrow*, 304 Kan. 710, 374 P.3d 673 (2016). There, our Supreme Court held that "attempt to operate" requires an attempt to move the vehicle. 304 Kan. at 714. In *Darrow*, the defendant was found asleep in a vehicle parked in a pasture with its engine running. When law enforcement officers woke the defendant, she fumbled with the gear shift lever. Our Supreme Court stated that because the engine was running, "the vehicle was ready to move upon the engagement of the transmission." 304 Kan. at 718. The defendant's fumbling with the gear shift lever was "an overt act toward engaging the transmission, which was arguably the last act needed to legally 'drive' the vehicle"—that is, to make it move. 304 Kan. at 719. The court affirmed the

3

conviction of attempting to operate a motor vehicle while under the influence. 304 Kan. at 720.

Stoddard asserts that because the cases cited in *Darrow* were cases in which the vehicles were running, that is a necessary condition to find an attempt to move a vehicle. While the court there observed that the fact that a vehicle engine is running when a defendant is found asleep at the wheel is "'almost always sufficient to constitute operation' [of a vehicle while under the influence]," it did not state that the engine must be running to find an attempt to operate. 304 Kan. at 720 (quoting 1 Erwin, Defense of Drunk Driving Cases § 1.02[1][c] [2016]). A fact may be sufficient for conviction without being necessary for conviction.

We found that a running engine was not necessary in *City of Wichita v. Logan*, No. 115,385, 2017 WL 5617106 (Kan. App. 2017) (unpublished opinion), the only case to date applying *Darrow* on this point. In *Logan*, officers found the intoxicated defendant behind the wheel of his vehicle in the middle of the road. The engine was not running, but the keys were in the ignition. We found that this was sufficient circumstantial evidence from which a jury could infer that he was attempting to operate a vehicle under the influence. *Logan*, 2017 WL 5617106, at *4.

We do not read *Darrow* as requiring the engine to be running. In any event, answering that question is not necessary here because we have direct evidence that Stoddard twice attempted to start the engine—first when Nederhoff approached and then a second time when Stoddard returned to the vehicle after getting out and stumbling around. Although the keys were not in the ignition, Stoddard was found holding a screwdriver that the jury could have inferred she used in the altered ignition in place of a key.

4

Stoddard also raises a defense that it was factually and legally impossible to attempt to drive the car because the car did not start and could not have been driven. But impossibility is not a defense to a charge of attempt. K.S.A. 2017 Supp. 21-5301(b). In *State v. Adame*, 45 Kan. App. 2d 1124, 1129, 257 P.3d 1266 (2011), we found sufficient evidence of attempt to operate even though the vehicle would not start because "it is reasonable to conclude that [defendant] would have driven the vehicle had he been able to start it."

The above facts viewed in the light most favorable to the State, and the reasonable inferences from those facts, are sufficient for a reasonable jury to find beyond a reasonable doubt that Stoddard attempted to operate the car.

Affirmed.