NOT DESIGNATED FOR PUBLICATION

No. 117,715

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SEDGWICK COUNTY, KANSAS,
*Appellee*,

v.

KERRI LYNNE SHELITE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed July 27, 2018. Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Michael L. Fessinger*, assistant county counselor, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and MALONE, JJ.

PER CURIAM: Kerri Lynne Shelite, a manager of an adult cabaret, appeals her conviction of a violation of the Sedgwick County Code that prohibits a manager from allowing a patron to touch the stage of the cabaret. She argues there is insufficient evidence to support her conviction. Given our standard of review, viewing the evidence in the light most favorable to the prosecution, we disagree. And we reject her contention that the district court engaged in inference stacking to find her guilty. We affirm her conviction.

1

This is a companion case with *Sedgwick County v. Allen*, No. 117,717, where we affirmed defendant's conviction for permitting a cabaret patron to put his hands on the stage. The facts here are identical except Shelite was the manager of the cabaret at the time.

Shortly before midnight Sedgwick County Detective Manning and Deputy Mlagan entered Pleasures Adult Cabaret in Sedgwick County. Two details attracted his attention—an adult entertainer was on the stage in direct line with the door he had entered and a red light on the DJ booth was not on, as it usually was when he entered the club.  The adult entertainer was Cindy Allen.

Allen was entertaining a male patron. Detective Manning stated that the patron was standing with his back towards the door and Allen was holding the back of the patron's head. She was pulling the patron's face into her crotch. While this was happening, the detective saw the patron's hands on the stage. The physical contact between Allen and the patron appeared to be mutual, and Allen did not try to stop it. Allen broke off contact with the patron a few seconds after the detective saw what was occurring on stage.

As for the red light, the detective testified that he had been inside the cabaret on official duty many times. With just three exceptions, every time he had been in the cabaret a specific red light on the DJ booth had been on. On that night, the light was not on when he first entered the cabaret, but was turned on shortly after he came in. In his opinion, this light was intended as a signal that law enforcement officers were on the premises.

When the detective asked Allen for her identification, she told him that the manager had it. Shelite gave the detective Allen's identification. The detective stated that

2

Shelite was aggravated because the parking lot attendant had not called into the cabaret on his two-way radio.

The detective cited Allen for violating § 17-706(a) of the Sedgwick County Code because she encouraged or permitted an adult patron to touch, climb on, or otherwise have contact with a cabaret stage. The deputy cited Shelite for violating §17-1001(b) of the Sedgwick County Code because Shelite encouraged or permitted an adult patron to violate §17-608(a) by touching, climbing on, or otherwise having contact with a cabaret stage. Allen and Shelite agreed to a joint trial on the charges.

The parties stipulated at their trial that Deputy Mlagan (who did not testify) did not know whether the patron's hands had touched the stage. On cross-examination, Detective Manning stated that the patron was seated rather than standing. From his report, the detective agreed that the patron's hands were on a "small barrier bar type area" below the stage.

The barrier area was about 12 inches below the stage and 16 to 18 inches wide. The barrier is a place that patrons are allowed to place their drinks and personal effects.

Allen testified that the patron did not touch the stage. Shelite stated that the patron may have been touching the barrier area but would not have been able to touch the stage. In Shelite's opinion, a patron would not be able to touch the stage because it was a prohibited act.

The district court found Shelite guilty because she had a duty to comply fully with the Code and she did not comply with the Code because she permitted the patron to touch the stage and imposed the minimum fine upon Shelite—$250.

3

Shelite contends there was insufficient evidence that the patron touched the cabaret stage and that she permitted the patron to touch the cabaret stage.

Our standard of review for questions of sufficiency of the evidence is well settled. When we review the sufficiency of the evidence for a conviction we must review all the evidence in the light most favorable to the prosecution. We uphold the conviction if we are convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). Generally, this court does not reweigh evidence or reassess the credibility of witnesses when determining if sufficient evidence supports a conviction. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

Like Allen's charge, Shelite's criminal charge is based on an amalgamation of provisions of the Code. Section 17-1001(b) states "[i]t shall be unlawful for any manager to serve as a manager of any adult entertainment establishment within the unincorporated area of Sedgwick County except in the manner authorized by, and *in compliance with*, the provisions of this adult entertainment code." (Emphasis added.) The County is alleging noncompliance because a patron was allowed to touch the cabaret stage. To violate §17-1001(a), Shelite must in some way have facilitated a violation of the Code. The charging document states this facilitation is through either permitting or encouraging a patron to touch the stage. Either permitting or encouraging a patron to touch the stage would satisfy the requirement that Shelite did not act as a manager in a way that complies with the adult entertainment portion of the Code.

First, based on our analysis in Allen's case, there is sufficient evidence that the patron touched the stage and the stage meets the Code definition of a cabaret stage. After all, the detective stated on direct examination that the patron did so. While he did admit during cross-examination that in his report he wrote that the patron was seated and not standing, impeaching his prior testimony, we do not reweigh the evidence.

4

Second, the only question that remains is if Shelite was noncompliant with the Code because of this touching. Shelite argues that there is insufficient evidence of her lack of compliance because the County's case impermissibly based inferences upon inferences. She focuses on the testimony about a specific red light and the detective's belief about the significance of that light. Shelite argues that to reach a conviction, the district court had to infer that Shelite was using the light to inform patrons and workers at the cabaret that law enforcement was on the premises to avoid punishment for criminal activity which might be occurring in the cabaret.

But her argument ignores important, relevant evidence. When presenting a challenge on the sufficiency of the evidence, the parties are not allowed to "cherry-pick" which evidence is before this court for review; rather, we review all the evidence in the record. *State v. Darrow*, 304 Kan. 710, 716, 374 P.3d 673 (2016).

When the detective first entered the cabaret, he noticed Shelite sitting in the manager's chair. A person sitting in the manager's chair can see all the stages within the cabaret. Shelite testified that she was watching the stage where Allen was performing and saw no contact between Allen and the patron. The only inference that is required for a conviction is that Shelite saw the patron touch the cabaret stage and did not stop it from happening. Because there is sufficient evidence that the patron touched the cabaret stage and Shelite was observing that specific cabaret stage when the officers entered the cabaret, the above inference is reasonable.

Shelite's argument that there is impermissible inference stacking is unsupported by the record. Only one inference needs to be drawn to conclude that she had committed an offense. See *State v. Lloyd*, 299 Kan. 620, 648-49, 325 P.3d 1122 (2014). Here, the inference is based on the direct evidence.

5

The testimony about the light and the detective's belief about what that light meant provides additional, circumstantial evidence to support a conviction. This circumstantial evidence does not turn the factual support for the conviction into impermissible inference stacking. The fact-finder is presumed to draw all reasonable inferences in favor of the state. *State v. Kettler*, 299 Kan. 448, 472, 325 P.3d 1075 (2014). Based on the facts presented and the reasonable inferences drawn from those facts, there is sufficient evidence that a rational fact-finder could conclude beyond a reasonable doubt that Shelite did not comply with the Code.

Affirmed.