NOT DESIGNATED FOR PUBLICATION

No. 127,279

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHELLE DEANNE RICE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MABAN WRIGHT, judge. Submitted without oral argument. Opinion filed October 18, 2024. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Carolyn A. Smith*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and HILL, JJ.

PER CURIAM: Michelle Deanne Rice appeals her conviction for possession of methamphetamine. She contends that because she "forgot the methamphetamine was in her wallet," the State could not convict her of knowingly possessing it. We conclude the stipulated facts in the record provided a basis for a reasonable inference by the fact-finder that Rice was aware that she possessed the drug. Thus, we affirm.

On April 27, 2021, Officer Joshua Miller of the Topeka Police Department saw Rice in her vehicle making an improper turn onto Topeka Boulevard. Officer Miller stopped Rice. While Rice was getting her driving license, Officer Miller noticed a small plastic bag with a white crystal-like substance inside Rice's wallet. He searched the vehicle. The crystal-like substance field tested positive for methamphetamine. Officer Miller also located a glass smoking pipe inside Rice's bag. Rice admitted to knowing the glass pipe was there but stated she "forgot the methamphetamine was in her wallet." The officer arrested Rice.

The State charged Rice with possession of methamphetamine, a severity level 5 drug felony; possession of drug paraphernalia, a class B nonperson misdemeanor; and improper left turn, a traffic infraction.

The case proceeded to a bench trial on the stipulated facts stated above. Rice stipulated that the facts in Officer Miller's affidavit were true. She stipulated that the drug found was methamphetamine.

The trial court found Rice guilty as charged. The court stated, "And the methamphetamine itself, which is located in your wallet inside the baggie, suggesting beyond a reasonable doubt . . . that your possession of both paraphernalia and the substance was knowing."

The trial court sentenced Rice to a prison term of 10 months but released her on probation for 12 months.

On appeal, Rice argues the stipulated evidence showed Rice unknowingly possessed methamphetamine. Rice contends there was insufficient evidence she knowingly possessed methamphetamine because she told Officer Miller she forgot the

methamphetamine was in her wallet. She only remembered the methamphetamine was in her wallet after the police seized it and she was no longer in possession.

The standard of appellate review for sufficiency of the evidence is de novo for cases decided by the district court based upon stipulated facts. The court views the facts in a light most favorable to the State. *State v. Scheuerman*, 314 Kan. 583, 587, 502 P.3d 502 (2022). When reviewing the parties' stipulations, the appellate court cannot ignore the circumstantial evidence presented by the stipulations and the inferences fairly deducible therefrom. *State v. Darrow*, 304 Kan. 710, 716, 374 P.3d 673 (2016). A verdict may be supported by circumstantial evidence if such evidence provides a basis for a reasonable inference by the fact-finder regarding the fact in issue. Circumstantial evidence, to be sufficient, need not exclude every other reasonable conclusion. *State v. Colson*, 312 Kan. 739, 750, 480 P.3d 167 (2021). A conviction of even the gravest offense can be based entirely on circumstantial evidence. *State v. Pattillo*, 311 Kan. 995, 1003, 469 P.3d 1250 (2020).

Rice was convicted of violating K.S.A. 21-5706(a). Under that statute, it is unlawful for a person to possess methamphetamine. "Possession" means "having joint or exclusive control over an item with knowledge of or intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." K.S.A. 21-5111(v). "A person acts 'knowingly,' or 'with knowledge,' with respect to the nature of such person's conduct or to circumstances surrounding such person's conduct when such person is aware of the nature of such person's conduct or that the circumstances exist." K.S.A. 21-5202(i).

A prior case is instructive. In *State v. Wolf*, No. 121,102, 2020 WL 1814286 (Kan. App. 2020) (unpublished opinion), a panel of this court considered an argument similar to Rice's. There, during a traffic stop, an officer removed a wallet from Wolf's pocket. The officer found a small baggie containing methamphetamine residue inside the wallet. Wolf

3

denied it was methamphetamine. Wolf was convicted of possession of methamphetamine. On appeal, Wolf argued the evidence was insufficient because the State never proved that he knew the baggie was in his wallet. The panel found sufficient evidence existed to support the conviction because the baggie was in Wolf's wallet which was removed from his pocket. Wolf acknowledged it was his wallet. The fact-finder could infer knowledge of possession. 2020 WL 1814286, at *2. The panel's ruling persuades us to adopt similar reasoning here.

We have no trouble concluding there was sufficient evidence that Rice was aware she possessed methamphetamine. Rice's knowledge of possession could be inferred because the methamphetamine was in her wallet and she was in control of her wallet. Those facts were sufficient in *Wolf* despite a self-serving denial by the defendant.

Additionally, viewing the facts in the light most favorable to the State, Rice's statement to Officer Miller does not negate her guilt; it supports her guilt. Officer Miller was able to plainly observe the baggie of methamphetamine in Rice's wallet when Rice was removing her driving license. If the officer was able to see the methamphetamine, it can be inferred Rice could see it, too. Rice's statement that she "forgot the methamphetamine was in her wallet," if believed, could simply mean she forgot the methamphetamine was in the wallet until she opened the wallet to remove her driving license.

We conclude the stipulated facts here provided a basis for a reasonable inference by the fact-finder that Rice was aware she possessed methamphetamine.

Affirmed.